UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

RONALD FELDSTEIN, MARA CAPITAL MANAGEMENT LLC, and VITA HEALTH OF AMERICA, LLC,

Defendants,

- and -

TRADEMORE CAPITAL MANAGEMENT, LLC,

Relief Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: March 16, 2015

**DEFAULT JUDGMENT AS TO VITA HEALTH OF AMERICA, LLC**

13 Civ. 6168 (PGG) (MHD)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Securities and Exchange Commission (the "Commission") filed this action on September 9, 2013 against Defendants Ronald Feldstein, Mara Capital Management LLC, and Vita Health of America, LLC, and Relief Defendant Trademore Capital Management, LLC. The Complaint alleges that Defendant Feldstein violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and that all Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. The Commission seeks (1) permanent injunctions against Feldstein, Mara Capital, and Vita Health; (2) the disgorgement of ill-gotten gains obtained by each of the Defendants and the Relief Defendant, and pre-judgment interest thereon; (3) the imposition of civil monetary penalties on Defendants Feldstein, Mara Capital, and Vita Health; and (4) a penny stock bar against Defendant Feldstein. See Declaration of Katherine S. Bromberg in Support of Motion for Default Judgment ("Bromberg Decl.") (Dkt.

No. 40) ¶ 3). Pending before this Court is the Commission's motion for default judgment against Vita Health of America, LLC. (Dkt. No. 38)

For the reasons discussed below, the Commission's motion will be granted.

## BACKGROUND

### I. PROCEDURAL HISTORY

As noted above, the Complaint was filed on September 3, 2013. (Dkt. No. 1) Defendants were personally served on September 9, 2013, and the Commission filed proofs of service the next day. (Bromberg Decl. (Dkt. No. 40) ¶ 4) On November 12, 2013, Defendants filed answers to the Complaint (Dkt. Nos. 20 & 21). In response to every substantive allegation in the Complaint, Defendants pleaded their Fifth Amendment privilege against self-incrimination. (Bromberg Decl. (Dkt. No. 40) ¶ 5) On May 27, 2014, Defendants submitted a letter withdrawing their Answers and stating that the Commission "may move for the entry of default judgments without opposition." (Id. ¶ 6; May 27, 2014 Def. Ltr. (Dkt. No. 35)) On June 11, 2014, the Commission requested that the Clerk of Court issue a certificate of default as to each Defendant. (Dkt. No. 36) To date, the Clerk of Court has not issued the requested certificates of default.

## DISCUSSION

### I. ENTRY OF DEFAULT

"Federal Rule of Civil Procedure 55 [sets forth] the basic procedure to be followed when there is a default in the course of litigation." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." Fed. R. Civ. P. 55(a). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court. . . ." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (citing Fed. R. Civ. P. 55(b)).

In moving for a default judgment, Plaintiff has not submitted a certificate of default executed by the Clerk of Court. While the federal rules provide that "[e]ntry of a default is a prerequisite to entry of a default judgment," Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis omitted), and that "the clerk must enter the Party's default," Fed. R. Civ. P. 55(a), "[r]igid adherence to these rules . . . must be balanced against the need for efficient administration." Hirsch v. Innovation Int'l, Inc., 91 Civ. 4130 (MJL), 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992). Accordingly, courts in this District "have excused the failure to obtain entry of default prior to an application for default judgment, and have instead included an order for entry of default with a decision on the merits of the application for default judgment." Id. (citing cases); see also RLI Ins. Co. v. May Const. Co., 09 Civ. 7415 (PKC), 2011 WL 1197937, at *4 (S.D.N.Y. Mar. 22, 2011) (approving entry of default and default judgment; "to require the plaintiff to file for a certificate of default would only delay resolution of the motion and would not further safeguard the defendants' rights"). The Second Circuit has confirmed that "[a]lthough Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citing Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995); Beller & Keller v. Tyler, 120 F.3d 21, 22 n.1 (2d Cir. 1997)).

Here, entry of default against the Defendants is plainly appropriate, given that

they have withdrawn their Answers and expressly acknowledged that the Commission "may move for the entry of default judgments without opposition." Accordingly, default will be entered as against Defendant Vita Health of America, LLC.

## II. DEFAULT JUDGMENT

"[A] plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Study Logic, LLC v. Clear Net Plus, Inc., 11 Civ. 4343 (CLP), 2012 WL 4329349, at *4 (E.D.N.Y. Sept. 21, 2012); see also Mickalis, 645 F.3d at 128 ("[E]ntry of a default, while establishing liability, 'is not an admission of damages.'" (quoting Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009)). While this Court is "required to accept all of the [Plaintiff's] factual allegations as true and draw all reasonable inferences in its favor[,]" Finkel, 577 F.3d at 84, it "need not agree that the alleged facts constitute a valid cause of action." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). To the contrary, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [Plaintiff's] allegations establish [the Defendant's] liability as a matter of law.'" Mickalis, 645 F.3d at 137 (quoting Finkel, 577 F.3d at 84).

Here, Defendants do not oppose entry of default judgment. Moreover, the Court has reviewed the Commission's motion – including its memorandum of law, the Declaration of Katherine S. Bromberg dated August 22, 2014, and referenced exhibits, and the Declaration of Desiree Marmita dated August 20, 2014 – and is satisfied that the Commission is entitled to entry of default judgment.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Vita Health of America, LLC and its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further ORDERED, ADJUDGED, and DECREED that Defendant Vita Health of America, LLC, is liable for disgorgement of $901,387, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint and as supported by the additional disgorgement evidence proffered by the Commission in support of its motion, together with pre-judgment interest thereon in the amount of $204,000. Defendant Vita Health of America, LLC, shall be held liable for disgorgement and pre-judgment interest, totaling $1,105,387, jointly and severally with Defendant Ronald Feldstein. Defendant Vita Health of America, LLC, shall satisfy this obligation by paying $1,105,387 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vita Health of America, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

It is further ORDERED, ADJUDGED, and DECREED that Defendant Vita Health of America, LLC, shall pay a civil penalty in the amount of $901,387 to the Securities

and Exchange Commission pursuant to 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mara Capital Management, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall transmit civil penalty-related funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

It is further ORDERED, ADJUDGED, and DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: New York, New York
March 14, 2015

SO ORDERED.

Paul G. Gardephe
United States District Judge